PARKER–SMITH, Appellant, v. PRINCE MFG. CO., Respondent. (Supreme Court, Appellate Division, Second Department. January 22, 1915.) Action by Augustus Parker-Smith against the Prince Manufacturing Company.

PER CURIAM. Without expressing an opinion as to plaintiff's right to recover under the contract of January 3, 1911, or whether before any suit had been begun against the Nassau Trust Company, or other banking institution, plaintiff's compensation was limited to $500, we think, in view of the manner in which the verdict was directed, that the judgment must be reversed. The court directed a verdict for $7,935.25, and then reduced it to $606, which dispositions were so united as to be a single act, and one which required consent of both parties. Against the exception of plaintiff's counsel the verdict could not be thus reduced by the court after it had been once directed. Plaintiff's notice of appeal seeks to review only the court's order or direction reducing the verdict; but, as no separate order was entered, this reduction, apart from the direction of the verdict, cannot be separately reviewed. We therefore restore the parties to their original positions, by a reversal of the judgment, with a new trial; costs of this appeal to abide the event.

PAVLOWA BALLET, Inc., v. ATWELL et al. (Supreme Court, Appellate Division, First Department. January 29, 1915.) Action by Pavlowa Ballet, Incorporated, against Ben H. Atwell and others. No opinion. Motion to dismiss appeal granted, with $10 costs, unless appellant comply with terms stated in order. Order filed. See, also, 151 N. Y. Supp. 1135.

PAVLOWA BALLET, Inc., v. ATWELL. (Supreme Court, Appellate Division, First Department. February 26, 1915.) Action by Pavlowa Ballet, Incorporated, against Dan H. Atwell. No opinion. Motion granted, with $10 costs. Order filed. See, also, 151 N. Y. Supp. 1135.

PEASE & ELLIMAN, Respondents, v. TERMINAL WAREHOUSE CO., Appellant. (Supreme Court, Appellate Division, First Department. February 11, 1915.) Action by Pease & Elliman against the Terminal Warehouse Company. C. H. Edwards, of New York City, for appellant. A. H. Holbrook, of New York City, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

PENFOLD et al., Respondents, v. LARKIN, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 3, 1915.) Action by Danford J. Penfold and another against Hubert Larkin, individually, etc. No opinion. Judgment and order denying motion for new trial affirmed, with costs. Appeal from order granting additional allowance of costs dismissed, because the record does not include the order or the papers upon which it was made.

PEOPLE, Respondent, v. ANZELLOTTI, Appellant. (Supreme Court, Appellate Division, Second Department. December 24, 1914.) Proceeding by the People of the State of New York against Joseph Anzellotti. No opinion. Motion granted.

PEOPLE, Respondent, v. ATLANTIC FRUIT CO., Appellant. (Supreme Court, Appellate Division, Third Department. January 6, 1915.) Proceeding by the People of the State of New York against the Atlantic Fruit Company. No opinion. Judgment unanimously affirmed, with costs.

PEOPLE, Respondent, v. BALOFSKY, Appellant. (Supreme Court, Appellate Division, Second Department. February 5, 1915.) Proceeding by the People of the State of New York against Jacob Balofsky. No opinion. Judgment of conviction of the Court of Special Sessions affirmed.

PEOPLE, Respondent, v. BLACK, Appellant. (Supreme Court, Appellate Division, Second Department. January 22, 1915.) Proceeding by the People of the State of New York against Allen Black.

PER CURIAM. Order of the city magistrate, and order and judgment of conviction of the County Court of Kings County, reversed, and proceedings dismissed, upon the ground that no legal abandonment of defendant's child appeared, or proof that such child was likely to become a public charge. This disposition, however, is without prejudice to any future proceedings under the statute, should the defendant stop providing for his child, and if it should appear that the child was in danger of becoming a public charge.

PEOPLE v. BROWN et al. (Supreme Court, Appellate Division, First Department. February 11, 1915.) Proceeding by the People of the State of New York against Harry Brown and another. No opinion. Motion to dismiss appeal granted, unless appellants comply with terms stated in order. Order filed.

PEOPLE, Respondent, v. COPETTA, Appellant. (Supreme Court, Appellate Division, Second Department. January 29, 1915.) Proceeding by the People of the State of New York against Frank Copetta. No opinion. Motion to dismiss appeal denied, on condition that defendant perfect his appeal, print the record, place the case on the March calendar, and be ready for argument when reached; otherwise, motion to dismiss appeal granted.

PEOPLE, Respondent, v. DUBELIER, Appellant, et al. (Supreme Court, Appellate Division, First Department. February 5, 1915.) Proceeding by the People of the State of New York against Charles Dubelier, impleaded. J. A. Segal, of New York City, for appellant. L. Fabricant, of New York City, for the People. No opinion. Judgment and order affirmed. Order filed.